BENJAMIN B. WAGNER
United States Attorney
KIMBERLY A. SANCHEZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

FILED
DEC 23 2014
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ISMAEL RUBALCAVA,<br><br>　　　　　　　Defendants. | CASE NO. 1:13-CR-00077 LJO<br><br>DEFERRED PROSECUTION AGREEMENT |

　　　　The United States of America, by and through Benjamin B. Wagner, the United States Attorney for the Eastern District of California, and Assistant United States Attorney Kimberly A. Sanchez; and defendant Ismael Rubalcava, and his attorney, Eric Kersten, hereby enter into this Deferred Prosecution Agreement ("Agreement"):

　　　　1. This document contains the complete Agreement between the United States Attorney's Office for the Eastern District of California ("United States") and defendant Rubalcava regarding this case. This Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

　　　　2. Defendant Rubalcava accepts and acknowledges responsibility for his conduct, as stated in the Factual Statement set forth at paragraph 11-12 of this Agreement, and also accepts the accuracy of that Factual Statement.

　　　　3. Defendant Rubalcava expressly agrees:

(a) He will comply with all federal, state, and local laws. He shall immediately contact his Pretrial supervisor if arrested and/or questioned by any law enforcement officer;

(b) He shall attend work or school regularly at a lawful occupation or otherwise comply with terms of the special program described below. If he loses his job or is unable to attend school, He shall notify his Pretrial supervisor at once. He shall consult him/her prior to job or school changes.

(c) He shall continue to live in this Judicial District. If he intends to move out of this District. He shall inform his Pretrial supervisor so that the appropriate transfer or program responsibility can be made;

(d) He will reside at a residence approved by Pretrial Services and not move or absence himself from that residence for more than 24 hours without prior approval from Pretrial Services.

(e) He shall report to his Pretrial Services Officer as directed and keep him/her informed of his whereabouts;

(f) He shall follow the program and comply with the conditions set forth herein.

(g) He shall seek and maintain employment and provide verification as directed by Pretrial Services and he shall provide a monthly job search list to Pretrial Services until employed, and/or maintain full-time student status, at the discretion of his Pretrial Services supervisor.

(h) He shall undergo drug testing and/or treatment as directed by his Pretrial Services supervisor.

4. In consideration of defendant Rubalcava's background, his role in the instant offense, and his willingness to:(i) acknowledge responsibility for his conduct, as detailed in the Factual Statement, and (ii) demonstrate his future good conduct and full compliance with all federal, state, and local laws; the United States shall recommend to the Court, pursuant to 18 U.S.C. § 3161(h)(2), that prosecution of defendant Rubalcava on the Indictment be deferred for a period of no more than eighteen (18) months. Defendant Rubalcava shall consent to a motion to be filed by the United States with the Court promptly upon execution of this Agreement, pursuant to 18 U.S.C. § 3161(h)(2), in which the United States will present this Agreement to the Court and move for (i) a continuance of all further criminal proceedings, including trial, for a period of not more than eighteen (18) months, (ii) speedy trial exclusion of all time covered by such a continuance, and (iii) approval by the Court of this deferred prosecution.

5. Defendant Rubalcava further agrees to waive, and does hereby expressly waive, any and all

rights to a speedy trial pursuant to the Sixth Amendment of the United States Constitution, Title 18, United States Code, Section 3161, Federal Rule of Criminal Procedure 48(b), and any applicable Local Rules of the United States District Court for the Eastern District of California, for the period of time that this Agreement is in effect.

6. Defendant Rubalcava hereby further expressly agrees that any applicable statutes of limitations are tolled, and shall not run, for the time period in which this Agreement is in effect. Defendant Rubalcava agrees that, if the United States institutes charges following a breach of this Agreement, the time period in which this Agreement is in effect shall be excluded, and shall not count for purposes of determining the running of any applicable statute of limitations.

7. Defendant Rubalcava also agrees that, in the event of a breach of this Agreement, the government will be free to use against defendant, directly and indirectly, in any criminal or civil proceeding, any of the statements, information, and/or materials provided by defendant pursuant to this Agreement.

8. The United States agrees that, if defendant Rubalcava is in full compliance with all of his obligations under this Agreement, upon the expiration of the eighteen (18) month period set forth in paragraph 4 above, within thirty (30) days of the expiration of such time period the United States shall seek dismissal with prejudice, as to defendant Rubalcava, of the Indictment, Case Number 1:13-CR-00077 LJO-SKO.

9. Defendant Rubalcava understands that this Agreement to defer prosecution is subject to approval by the Court, in accordance with 18 U.S.C. § 3161(h)(2). Should the Court decline to approve a deferred prosecution for any reason, the United States and defendant Rubalcava are released from any obligation imposed upon them by this Agreement.

10. Should the United States determine during the term of this Agreement that defendant Rubalcva has committed any crime commenced subsequent to the date of this Agreement, the defendant shall, in the sole discretion of the United States, thereafter be subject to prosecution for any federal crimes, as well as forfeiture of assets used in and/or divestiture of profits derived from defendant=s criminal conduct.

11. Except in the event of a breach of this Agreement, the United States agrees that it will not

1  bring any additional charges against defendant Rubalcava arising from the facts contained in the Factual
2  Statement set forth in the following paragraph. Defendant Rubalcava understands and acknowledges that
3  this Agreement does not relate to or cover any conduct by defendant Rubalcava other than the conduct
4  set forth in the Factual Statement.

5      12.  Defendant Rubalcava agrees that the following are the facts of this case that, if proved by the
6  government beyond a reasonable doubt and believed by a jury, would be sufficient to constitute the
7  crime False Personation of an Officer or Employee of the United States, although he acknowledges that,
8  as to other facts, the parties may disagree:

On February 5, 2013 the defendant knew that Rogelio Rubalcava (his father) was engaged in a conspiracy to distribute a controlled substance, and that he was making a delivery of a controlled substance from his (the defendant's) home, as well as storing some of the narcotics they were selling at his (the defendant's) home. The defendant concealed the conspiracy and delivery from law enforcement authorities by allowing his father to conduct drug trafficking business, including making a delivery of a controlled substance at his (the defendant's) residence, and did not report him as soon as practicable to any law enforcement authority. Specifically, on February 5, 2013, the defendant was present for a portion of a drug transaction in which his father sold 1 pound of ~~methamphetamine~~ a controlled substance through codefendant Robert Martinez to a buyer. This transaction took place at the defendant's residence.

14      14. This Agreement sets forth all the terms of the Deferred Prosecution Agreement between the
15  United States and defendant Rubalcava. Other than this Agreement, no agreement, understanding,
16  promise, or condition exists between the United States and defendant Rubalcava. Nor will any such
17  agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the
18  defendant, counsel for said defendant, and counsel for the United States. This Agreement supersedes
19  any prior promises, agreements, or conditions between the United States and defendant Rubalcava.

20      15. This Agreement is freely and voluntarily made and is not the result of force or threats, or of
21  any promises apart from those specifically set forth in this Agreement.

22      16. Defendant Rubalcava agrees that this Agreement, and an Order deferring prosecution, shall
23  be publicly filed with the United States District Court for the Eastern District of California, and shall
24  become a part of the record of the case.

**APPROVALS AND SIGNATURES**

A. ISMAEL RUBALCAVA:

    I, Ismael Rubalcava, hereby expressly acknowledge the following: (1) I have read this entire Agreement;

DEFERRED PROSECUTION AGREEMENT     4

(2) I have had an opportunity to discuss this Agreement fully and freely with my attorney; (3) I fully and completely understand each and every one of its terms; (4) I am fully satisfied with the advice and representation provided to me by my attorney; and (5) I have signed this agreement voluntarily.

Dated: 12-22-14

ISMAEL RUBALCAVA

B. Defense Counsel: The undersigned is counsel for ISMAEL RUBALCAVA. In connection with such representation, I acknowledge that: (1) I have discussed this Agreement with my client; (2) I have fully explained each one of the Agreement's terms to my client; (3) I have fully answered each and every question put to me by my client regarding the Agreement; and (4) I believe my client completely understands all of the Agreement's terms.

Dated: 12/22/14

ERIC KERSTEN
Attorney for Ismael Rubalcava

C. Attorney for United States: I accept and agree to this Agreement on behalf of the government.

Dated:                                           BENJAMIN B. WAGNER
                                                 United States Attorney
By: 12/10/14
                                                 KIMBERLY A. SANCHEZ
                                                 Assistant U.S. Attorney

D. Pretrial Services Officer: I accept and agree to this Agreement on behalf of the Pretrial Services Office.

Dated:

FRANK GUERRERO
Pretrial Services Officer

E. United States District Court: The Court approves of this agreement.

Dated: 12/23/14

LAWRENCE J. O'NEILL
U.S. District Court Judge

DEFERRED PROSECUTION AGREEMENT                    5